OPINION
On October 14, 1997, appellant, Jane Doe, mother and natural guardian of Mary Doe, a minor, filed a complaint against defendant, Larry E. Carpenter, claiming assault and battery and intentional infliction of emotional distress. Appellant alleged that Mr. Carpenter sexually assaulted, molested and raped her minor daughter. Appellant filed a motion for prejudgment attachment which was granted and the trial court ordered Mr. Carpenter not sell his real estate in Knox County, Ohio.
On March 23, 1999, Mr. Carpenter sold his real estate to appellees, Troy and Jackie Thompson. On May 10, 1999, appellant filed an amended complaint adding a cause of action for fraudulent transfer of property and adding appellees as defendants.
On June 3, 1999 and August 4, 1999, appellees filed motions to dismiss. By findings and journal entry filed September 27, 1999, the trial court granted said motions. This court reversed this decision and remanded the matter back to the trial court. See, Jane Doe v. LarryCarpenter (June 8, 2000), Richland App. No. 99CA78, unreported.
On remand, the trial court bifurcated the case. On July 21, 2000, appellees filed a motion for summary judgment. On December 4, 2000, a jury trial commenced on the underlying complaint against Mr. Carpenter. After the jury was seated, appellant and Mr. Carpenter agreed to settle the matter. A judgment entry reflecting the agreement was filed on April 6, 2001.
On January 18, 2001, the trial court granted appellees' motion for summary judgment without having set a hearing date.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT IN GRANTING DEFENDANTS-APPELLEES MOTION FOR SUMMARY JUDGMENT.
 II THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT BY DENYING PLAINTIFF-APPELLANT AN OPPORTUNITY TO RESPOND TO DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 II
We will address this assignment of error first as we find it to be dispositive of this appeal. Appellant claims the trial court committed error by denying her the opportunity to respond to appellees' motion for summary judgment. We agree.
Loc.R. 1.05 of the Court of Common Pleas of Richland County, General Division, states the following:
 Motions for summary judgment. Motions for summary judgment are governed by Civ.R. 56. Memoranda in opposition to summary judgment, affidavits and other sworn material filed in opposition to summary judgment shall be filed and served no later than the day before the hearing date.
Civ.R. 56(C) states in pertinent part:
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
A review of the record establishes a hearing date was never set. No notice was sent to appellant informing her that the motion for summary judgment was under consideration. The premature ruling on the motion for summary judgment in effect precluded appellant from responding to the motion.
Based upon Loc.R. 1.05 and Civ.R. 56(C), we find the trial court erred in granting the motion for summary judgment without first setting a hearing date and giving appellant an opportunity to respond.
Assignment of Error II is granted.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.
FARMER, P.J., WISE, J. and BOGGINS, J. concur.